UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIO CERAGIOLI, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>BUTTE COUNTY, et al.,<br><br>    Defendants. | No. 2:23-cv-01113-TLN-DMC<br><br>**ORDER** |

   This matter is before the Court on Defendants Butte County Sheriff Korey L. Honea, in his individual and official capacities ("Sheriff Honea"); Butte County Deputy Sheriffs Joseph George ("Deputy George") and Casey O'Hern ("Deputy O'Hern"), in their individual and official capacities; and Butte County's (collectively, "County Defendants") Motion to Dismiss.  (ECF No. 6.)  Also before the Court is Defendants Wellpath, LLC; Wellpath Management, Inc.; Crystal Comer ("Comer"); Tanya Atkinson ("Atkinson"); and Pamela Johansen's ("Johansen") (collectively, "Wellpath Defendants") Motion to Dismiss.  (ECF No. 23.)  Both motions have been fully briefed.

   For the reasons set forth below, the Court GRANTS County Defendants' Motion to Dismiss (ECF No. 6) and GRANTS Wellpath Defendants' Motion to Dismiss (ECF No. 23).

///

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This case concerns the death of a pre-trial detainee, Dario Ceragioli ("Ceragioli"). County Defendants include Butte County and its Sheriff and Deputy Sheriffs. (ECF No. 1 at 9–10.) Wellpath Defendants are individuals — Atkinson, Comer, and Johansen — and corporate entities who contracted with Butte County to provide medical and mental health services in its jails. (*Id.* at 9–11.) Plaintiffs Dario Ceragioli, by and through Elizabeth Ceragioli as successor in interest, Elizabeth Ceragioli, Mary Ceragioli, Anthony Ceragioli, and Joshua Ceragioli (collectively, "Plaintiffs") allege Ceragioli was a 62-year-old man who lived in Butte County and suffered from multiple sclerosis and deteriorating mental health. (*Id.* at 2.)

On June 7, 2022, Deputy George and other deputies responded to a call that Ceragioli was exhibiting erratic and violent behavior, including forcing himself into his neighbor's home and physically assaulting her, running around the neighborhood naked, charging at trucks and attempting to strike their drivers, and speaking in an incoherent fashion. (*Id.* at 2 n. 2.) Deputy George obtained an arrest warrant for Ceragioli and took him to the Butte County Jail where Wellpath Defendants monitored him for twenty-four hours to determine whether he was under the influence of alcohol or drugs. (*Id.* at 2, 4–6, 9–11.) Plaintiffs allege Ceragioli presented with florid psychosis but Comer and Atkinson failed to run tests to determine its cause or otherwise consult with a psychiatrist or refer Ceragioli to a medical facility. (*Id.* at 3.) Comer noted Ceragioli "cleared sobering" after 24 hours of monitoring and Johansen noted the state of Ceragioli's mental condition and hygiene, but Plaintiffs allege there was no substantive interaction with medical staff until Ceragioli was found motionless in his cell days later, suffering from sepsis and organ failure. (*Id.* at 3–4.)

On June 16, 2022, Ceragioli was pronounced dead. (*Id.* at 3.) According to Plaintiffs, earlier and more substantive medical treatment by Wellpath Defendants to address Ceragioli's psychosis would have saved his life. (*Id.*)

On June 12, 2023, Plaintiffs filed a Complaint against County Defendants and Wellpath Defendants (collectively, "Defendants"), alleging: (1) Fourth and Fourteenth Amendment violations under 42 U.S.C. § 1983 ("§ 1983"); (2) Fourteenth Amendment supervisory liability

1  under § 1983; (3) violations of Cal. Gov't Code § 845.6; and (4) wrongful death under California
2  law.  (ECF No. 1.)
3      Defendants filed the instant motions to dismiss under Federal Rules of Civil Procedure
4  ("Rule" or "Rules") 8(a)(2) and 41(b), or in the alternative, 12(b)(6), Plaintiffs filed oppositions,
5  and Defendants filed replies.  (ECF Nos. 6, 11–12, 23, 27, 30.)

6      **II.**    **STANDARD OF LAW**

7      Rule 8(a) requires that a pleading contain "a short and plain statement of the claim
8  showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79
9  (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice
10 of what the claim ... is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S.
11 544, 555 (2007) (internal quotations omitted).  "This simplified notice pleading standard relies on
12 liberal discovery rules and summary judgment motions to define disputed facts and issues and to
13 dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).
14     "If [a] plaintiff fails … to comply with [Rule 8], a defendant may move to dismiss the
15 action or any claim against it."  Rule 41(b).  On a motion to dismiss, however, the factual
16 allegations in the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A
17 court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-
18 pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746,
19 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his
20 claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation
21 omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the
22 court to draw the reasonable inference that the defendant is liable for the misconduct
23 alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).
24     Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of
25 factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir.
26 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an
27 unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A
28 pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the...laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff fails to "'nudge[ ] [their] claims ... across the line from conceivable to plausible'" is the complaint properly dismissed. *Id.* at 680 (quoting *Twombly*, 550 U.S. at 570). While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

///

///

///

///

4

### III. ANALYSIS

The thrust of Defendants' motions to dismiss is that Plaintiffs have failed to comply with Rule 8(a)(2) and therefore the Complaint should be dismissed in its entirety pursuant to Rule 41(b). (ECF No. 6-1 at 9–12; ECF No. 23 at 5–8.) As will be discussed, the Court agrees with Defendants and finds the factual basis for each Defendants' liability for each claim is unclear.[1]

Rule 8 requires "each averment of a pleading to be 'simple, concise, and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). To comply with Rule 8, a complaint should clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *Id.* at 1178. Even if the factual elements of a cause of action are present but are scattered throughout the complaint and not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8 is proper. *Id.* "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *Id.* at 1179. Indeed, Rule 8(d)'s requirement that each averment of a pleading be "'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *Id.*

"Shotgun pleading occurs when one party pleads that multiple parties did an act, without identifying which party did what specifically; or when one party pleads multiple claims, and does not identify which specific facts are allocated to which claim." *Hughey v. Camacho*, No. 2:13-CV-2665-TLN-AC, 2014 WL 5473184, at *4 (E.D. Cal. Oct. 23, 2014) (first citing *In re Mortgages Ltd.*, No. 2:08-BK-07465-RJH, 2013 WL 1336830, at *12 (Bankr. D. Ariz. Mar. 29, 2013); and then citing *Magulta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)). In the instant case, the Complaint does both and thus violates Rule 8(a)(2). *Id.* Plaintiffs' Complaint includes fourteen pages of factual allegations that describe a wide variety of conduct by different individuals employed by different entities. (ECF No. 1 at ¶¶ 1–21, 24–47, 49–51.) Importantly, the Complaint does not even include a factual allegations section and instead contains an

---

[1] Because the Court dismisses Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 8(a)(2) and 41(b), the Court declines to address Defendants' alternative arguments under Federal Rule of Civil Procedure 12(b)(6).

5

introduction, rife with legal conclusions cast in the form of factual allegations. (*Id.* at ¶¶ 1–21.) These "allegations" are later incorporated by reference within the four causes of action that are asserted against Defendants without any designation of which facts support each claim for each of the Defendants. This lack of clarity permeates the Complaint and is a sufficient basis for dismissal. *Quintanar v. Cnty. of Stanislaus*, No. 118CV01403TLNBAM, 2021 WL 4443251, at *3 (E.D. Cal. Sept. 28, 2021) (citing *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011)). The Court will address certain arguments from Defendants' motions to dismiss to further illustrate the issue.

### A. County Defendants

County Defendants correctly argue Plaintiffs' Complaint fails to "clearly allege facts stating a claim for relief against each Defendant, leaving County Defendants guessing as to which claims are levied against each of them and upon which facts and legal theories Plaintiffs base their claims." (ECF No. 6-1 at 11.) For example, Plaintiffs' first cause of action is a § 1983 claim against Defendants premised on purported violations of the Fourth and Fourteenth Amendments. (ECF No. 1 at 14–16.) According to the Complaint, however, County Defendants and Wellpath Defendants had completely distinct alleged interactions with Ceragioli — Deputy George was allegedly responsible for Ceragioli's arrest and Wellpath Defendants and Butte County were allegedly responsible for his medical care in the jail cells. (*Id.*) But Plaintiffs' Complaint is devoid of any factual allegations concerning Deputy George *after* Ceragioli's arrest and therefore it is unclear how he may be liable for Ceragioli's purported unconstitutional medical treatment. The Complaint merely refers to Defendants collectively and does not clearly identify the theories on which County Defendants' liability allegedly rests or the specific facts to support them. Plaintiffs' other causes of action suffer from the same deficiencies. (*See* ECF No. 1 at 17–21.) Thus, County Defendants have not been given sufficient notice of the claims levied against them. *Twombly*, 550 U.S. at 555 (complaint must give defendant fair notice of what the claim is and the grounds upon which it rests); *Quintanar*, 2021 WL 4443251, at *4.

Accordingly, the Court DISMISSES with leave to amend Plaintiffs' Complaint as to County Defendants.

B.     Wellpath Defendants

Like County Defendants, Wellpath Defendants correctly argue Plaintiffs' causes of action are comprised of impermissible shotgun allegations.[2]  (ECF No. 23-1 at 5–8.)  As noted above, Plaintiffs' first cause of action includes conclusory allegations that Defendants violated Ceragioli's constitutional rights but does not specify what conduct by which party led to the violations complained of.  For example, a portion of Plaintiffs' first cause of action is dedicated to Ceragioli's purported unlawful criminal detention.  (ECF No. 1 at 15.)  But again, Plaintiffs fail to provide any facts to support an inference that Wellpath Defendants contributed to this ostensible violation.  The only allegations the Court finds regarding Wellpath Defendants are that Comer and Atkinson "did not run any tests to determine whether there was a medical cause for [Ceragioli's] psychosis," and the allegations related to Johansen's notes about Ceragioli's hygienic and mental states.  (*Id.* at 3–4.)  Despite these meager factual allegations, Plaintiffs refer to the parties collectively in each claim and fail to cite any specific factual allegations showing how each party is alleged to have violated their rights or Ceragioli's.  Thus, Wellpath Defendants have not been given sufficient notice of the claims levied against them.  *Twombly*, 550 U.S. at 555 (complaint must give defendant fair notice of what the claim is and the grounds upon which it rests); *Quintanar*, 2021 WL 4443251, at *4.

Accordingly, the Court DISMISSES with leave to amend Plaintiffs' Complaint as to Wellpath Defendants.

///
///
///
///

---

[2]    The Court notes Wellpath Defendants' motion to dismiss on Rules 8 and 41 grounds does not specifically address Plaintiffs' third cause of action.  Nevertheless, Wellpath Defendants have made clear they believe "all causes of action are subject to dismissal pursuant to Federal Rules of Civil Procedure 8, 12(b)(6) and/or 41(b)."  (ECF No. 23-1 at 2.)  Moreover, Plaintiffs do not oppose the dismissal of their third cause of action as to Wellpath Defendants.  (ECF No. 27 at 4.)  Accordingly, the Court GRANTS Wellpath Defendants' motion to dismiss as to all causes of action.

### VI.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motions to Dismiss pursuant to Federal Rules of Civil Procedure 8(a)(2) and 41(b).  (ECF Nos. 6, 23.)  The Court DENIES as moot all other motions.  Any amended complaint shall be filed and served not later than thirty (30) days from the electronic filing date of this Order.  Defendants shall file any responsive pleading not later than twenty-one (21) days from the filing and service of any amended complaint.

IT IS SO ORDERED.

Date: March 25, 2024

Troy L. Nunley
United States District Judge